FILED

2023 Apr-19 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LAUREN REYNOLDS, LAURI PENN, individually and on behalf of others similarly situated, | } } } } | |
| Plaintiffs, | } } | Case No.:  5:22-CV-503-RDP |
| v. | } } | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, et al., | } } | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Claims for Declaratory Judgment. (Doc. # 49). Plaintiffs have filed a Notice of Non-Opposition. (Doc. # 52).

## I.      Background

In their Third Amended Complaint, Plaintiffs Lauren Reynolds and Lauri Penn allege that their insurers, Progressive Direct Insurance Company and Progressive Specialty Insurance Company (together, "Defendants") undervalued their total-loss vehicles by applying a purportedly "unsupported" and "arbitrary" adjustment called a "Projected Sold Adjustment" ("PSA") when evaluating their insurance claims. (Doc. # 48 ¶¶ 1, 10). Plaintiffs allege that Defendants determined the actual cash value ("ACV") of their vehicles using valuation reports prepared by a third-party vendor, Mitchell International Inc., that offers software-based appraisal services to insurers worldwide. (*Id*. ¶ 22). Defendants provided Plaintiffs a summary of their Mitchell vehicle valuation reports (the "Reports") and settled Plaintiffs' claims based on the ACV reflected in the Reports. (*Id*. ¶ 23).

In this action, Plaintiffs dispute the ACV for their respective total-loss vehicles, and argue that by applying the PSA, Defendants breached their insurance policies. (*Id*. ¶¶ 1–10, 61–71). Plaintiffs' Third Amended Complaint asserts four claims: (1) a breach of contract claim against Progressive Direct; (2) a breach of contract claim against Progressive Specialty; (3) a declaratory judgment claim against Progressive Direct; and (4) a declaratory judgment claim against Progressive Specialty. (*Id*. ¶¶ 61-85).

In both of the breach of contract claims, Plaintiffs allege that Defendants "paid Plaintiff[s'] claims, and the claims of the members of the proposed [] Class, for less than the actual cash value required by the insurance contract." (*Id*. ¶¶ 64, 70). In both of the declaratory judgment claims, Plaintiffs request a declaration that Defendants' "application of unfounded Projected Sold Adjustments results in a valuation of less than the actual cash value Progressive [] is required under its insurance contracts to pay insureds." (*Id*. ¶¶ 77, 83).

In their Motion to Dismiss, Defendants argue that Plaintiffs' declaratory judgment claims are insufficient as a matter of law and should be dismissed because Plaintiffs have not alleged any threat of future injury, and therefore do not have standing to seek prospective relief. (Doc. # 49). Plaintiffs do not oppose the Motion. (Doc. # 52).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not

meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the "complaint must demonstrate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

III.    **Analysis**

Defendants argue that Plaintiffs lack Article III standing to bring claims for declaratory relief due to the lack of a realistic threat of future harm. (Doc. # 49). The court agrees. And, so do

Plaintiffs who note that "they can achieve the same practical objectives by prevailing on the other counts not disputed in Defendants' motion[]." (Doc. # 52 at 2-3).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III of the Constitution limits the jurisdiction of federal courts to adjudicating actual 'Cases' and 'Controversies.'" *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). "At an 'irreducible constitutional minimum,' the standing doctrine requires that a plaintiff have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"" *Mack*, 994 F.3d at 1356 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (in turn citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992))).

The federal Declaratory Judgment Act also limits relief to actual cases or controversies. *A&M Gerber Chiropractic LLC v. GEICO General Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019). "'That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests.'" *Id.* (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)). "In order to demonstrate that there is a case or controversy that satisfies Article III's standing requirement when a plaintiff is seeking declaratory relief—as opposed seeking damages for past harm—the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *Id.* at 1210–11 (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

In *A&M Gerber*, the Eleventh Circuit held that "the possibility that [a plaintiff] may someday be in another car accident ... and still be insured by [the insurance company] under the same or a similar policy being interpreted the same way, thereby having this issue present itself

again ... is too contingent to constitute a 'substantial likelihood' of future injury." 925 F.3d at 1215; *see also Mack*, 994 F.3d at 1357. Plaintiff's Third Amended Complaint alleges no more concrete a future injury than that alleged in *A&M Gerber*. Therefore, "[a]pplying *A&M Gerber*, the complaint's allegations are insufficient to establish the substantial likelihood of future harm necessary to establish standing for a declaratory judgment claim." *Mack*, 994 F.3d at 1357.[1]

## IV.    Conclusion

Because there is no substantial likelihood that either Plaintiff will total her car again while insured by Defendants, Plaintiffs lack standing to sue for a declaratory judgment about the method it uses to assess payments under the policy. *See Id.* Therefore, Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Claims for Declaratory Judgment (Doc. # 49) is **GRANTED**. Counts Three and Four of Plaintiffs' Third Amended Complaint are **DISMISSED WITH PREJUDICE.**

   **DONE** and **ORDERED** this April 19, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, the court's adjudication of Plaintiffs' breach of contract claims in Counts One and Two would appear to render the declarations sought in Counts Three and Four duplicative. *See Tiller v. State Farm Mut. Auto. Ins. Co.*, 549 F. App'x. 849, 855 (11th Cir. 2013); *Roth v. GEICO Gen. Ins. Co.*, 2017 WL 5640740, at *3 (S.D. Fla. Jan. 24, 2017). As noted above, Plaintiffs admit that "they achieve the same practical objectives by prevailing on the other counts []." (Doc. # 52 at 2-3).