FILED
2024 Jun-14  PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| LAUREN REYNOLDS and LAURI PENN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio Corporation, and PROGRESSIVE SPECIALTY INSURANCE COMPANY, an Ohio Corporation, <br><br> Defendants. | Case No. 5:22-cv-00503-LCB |

**<u>PROPOSED NOTICE PLAN FOR CERTIFIED CLASSES</u>**

The parties hereby submit the following plan for disseminating class notice to the certified Classes:

## I.    <u>LEGAL STANDARDS</u>

"For any class certified under Rule 23(b)(3), the court must direct to class member the best notice that is practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (individual notice must be given to "all class members whose names and

addresses may be ascertained through reasonable effort"). Further, the notice must communicate Rule 23(c)(2)(b)(i-vii)'s requirements in clear, concise, plain language that is easy to understand. *Id*. Finally, subject to the requirement that notice be the best "practicable," the Court has "complete discretion as to how the notice should be given." 7B Charles A. Wright et al., Federal Practice and Procedure §1797.6 at 200 (3d ed. 2005); *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988) ("Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class.").

## II.    <u>PROPOSED NOTICE PLAN</u>

### A. NOTICE DESIGN

Plaintiffs propose that a Short Form Notice in the form attached hereto as **Exhibit 1** be sent by electronic mail to potential Class Members for whom Defendants possess a valid email address (the "Email Notice"). For potential Class Members for whom Defendants do not possess a valid email address or where the Email Notice is returned as undeliverable, Plaintiffs propose to send the postcard notice attached hereto as **Exhibit 2** by first-class mail (the "Postcard Notice"). A similar notice program was recently approved in *Curran v. Progressive Direct Insurance Company*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024), *Brown, et al. v. Progressive Mountain Insurance Company, et al*., Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023), and *Volino, et al. v. Progressive Casualty*

2

*Insurance Company, et al.*, Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023), similar cases against Progressive.

Plaintiffs propose to use class action administrator Epiq, which has experience administering class actions in a wide range of cases and in thousands of cases. *See* **Exhibit 3** (Declaration of Cameron R. Azari on Notice Plan ("Azari Declaration" or "Azari Decl.") at ¶¶ 4-5). As reflected in the Azari Declaration, it is common for Epiq to send a combination of email and/or postcard notice mailings in class certification or settlement notice situations. *Id.* at ¶¶ 10-12, 21-22.

Courts routinely approve direct, individual notice provided via email. *See, e.g.*, *Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) slip op. (approving class notice by email to Progressive insureds); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) slip op. (approving class notice by email to Progressive insureds); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023), slip op. (approving class notice by email to Progressive insureds); *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) ("Notice of class actions by email have now become commonplace."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1261 (S.D. Fla. 2016) ("The email notice provided to more than 90% of the Class members in this lawsuit was the best practicable notice and was reasonably calculated to apprise them of their rights. Courts consistently approve notice programs where notice is provided primarily through email because email is

an inexpensive and appropriate means of delivering notice to class members."); *Butler v. DirectSAT USA LLC.*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("[w]ith regard to the use of email to notify potential plaintiffs of this litigation communication through email is [now] the norm.").

Courts also routinely find that postcard notice is a valid method for providing notice under Rule 23, especially when combined with other notice formats such as email notice and/or a case specific website. *See, e.g., Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving a postcard notice where email address were not available and email notices were returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) (approving a postcard notice where email address were not available and email notices were returned as undeliverable)*; Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 8, 2023) (approving a postcard notice where email addresses were not available and email notices were returned as undeliverable); *Wisconsin v. Indivior Inc. (In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.)*, No. 2445, 2021 U.S. Dist. LEXIS 231508, at *23 (E.D. Pa. Dec. 3, 2021) (approving "individual notice by email and direct mail[,] [i]f a potential class member does not have an identifiable, valid email address or if email notice is returned as undeliverable[.]"); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) (approving a postcard

settlement notice that references a phone hotline and website with more information); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375 (S.D. Fla. 2007) (approving a postcard notice that references a phone hotline and website with more information).

Here, Plaintiffs propose Email Notice with a Postcard Notice for any emails that are undeliverable to help ensure that members of the Classes receive individual notice. *See Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving class notice by email notice and by postcard notice where the email notice was returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023); *Puddu v. 6d Global Techs.*, 15-cv-8061 (AJN), 2021 U.S. Dist. LEXIS 90819 (S.D.N.Y. May 12, 2021) (ordering notice primarily via email, with first-class notice provided to class members only if no email address is available). In addition, the notice program will consist of a toll-free helpline and an informational website, as discussed more fully below.

Counsel for Plaintiffs and counsel for Defendants have conferred, and Defendants do not object to the form of the Notices proposed by Plaintiffs.

## B. NOTICE PROCEDURES

Defendants will provide Plaintiffs a spreadsheet reflecting: the named insured's last known address and email address for first-party total loss claims on

Alabama insurance policies issued by Progressive Direct Insurance Company and Progressive Specialty Insurance Company where the claim was submitted between April 20, 2016 to April 3, 2024, a Mitchell comparable vehicle valuation report was generated by Progressive that used the comparable vehicle methodology, no pre-tax settlement adjustment was applied, and there was no policy stated amount less than the actual cash value of the vehicle. This list of individuals will become the presumptive Class List and the individuals will be presumptive Class Members.

For each presumptive Class Member for which Defendants' data reflects an email address, Epiq will send the Email Notice via email utilizing best practices to ensure the email is not caught in spam filters. Azari Decl. at ¶13. For each presumptive Class Member for which Defendants' data does not reflect an email address or for which the Email Notice is returned as undeliverable, Epiq will send the Postcard Notice via first-class mail to the physical address provided by Defendants. *Id*. at ¶15. For those members to whom Postcard Notice will be sent, Epiq will process the addresses through the U.S. Postal Service's National Change of Address ("NCOA") database to obtain the most current mailing addresses for Class Members. *Id*. The NCOA database provides updated addresses for anyone who has filed a change of address notice with the U.S. Postal Service within the last four years. *Id.* at ¶15 n.3. Notices returned with a forwarding address from the U.S. Postal Service will be re-mailed to the new address. *Id.* at ¶16.

### C. TOLL-FREE HELPLINE

Prior to sending Notice to Class Members, Epiq will establish a toll-free helpline to assist Class Members seeking information about the case. Azari Decl. at ¶18. Plaintiffs and Defendants will confer and agree on any scripts that are to be provide via the toll-free helpline. Class members can receive information directly from the helpline and can leave a message requesting a live-call-back. *See generally Belanger v. RoundPoint Mortg. Servicing Corp.*, 2018 U.S. Dist. LEXIS 177676, at *10-11 (S.D. Fla. Sep. 28, 2018) (approving Notice plan with IVR phone line and not live operators).

### D. INFORMATIONAL WEBSITE

Prior to the Notice mailing, Epiq will coordinate and integrate into the Email Notice and Postcard Notice a URL for an informational website. Azari Decl. at ¶¶14, 17. Plaintiffs and Defendants will confer and agree on the URL name. The website will (1) provide Class Members with the Longform Notice in the form attached as **Exhibit 4** (the "Long Form Notice"); (2) will have a link for an opt-out form to be completed and mailed by the Class member; and (3) will provide a link to the operative Complaint and Class Certification Order. *Id.* at ¶17. The proposed opt-out form is attached as **Exhibit 5**. The form is not mandatory, meaning that Class members can opt-out so long as they provide their name, date, address, and signature.

Plaintiffs and Defendants will confer and agree on any materials that are posted to the informational website.

### E. TIMING

Plaintiffs have requested, and Defendants have begun assimilating (and producing) the Class List, as described above. Defendants anticipate that the Class List will be complete and provided to Plaintiffs by June 17, 2024 (if not already complete). Upon receipt thereof, Plaintiffs will provide the Class List to Epiq, which in turn requires approximately 2-3 weeks between receiving the Class List and beginning to provide notice. Defendants have filed a Rule 23(f) petition for review of the class certification decision.

In light of these time frames, the parties request that Notice be made no earlier than thirty (30) days after the denial of Defendants' Rule 23(f) petition for review of class certification, or resolution of the resulting appeal, whichever is later. This timing was approved by other courts in substantially similar cases. *See Brown*, No. 3:21-cv-00175-TCB, ECF No. 114 ("Notice shall be made no earlier than thirty days after denial of the Defendants' Rule 23(f) petition for review of class certification, or resolution of the resulting appeal, whichever is later"); *Curran*, No. 1:22-cv-00878, ECF No. 95 at 2 ("Considering the pending petition before the Tenth Circuit, the Court respectfully agrees with Defendant that notice should not proceed until the Parties and the Court have clarity with respect to whether the Court's Order on Class

Certification . . . will stand."). Two other courts in substantially similar cases also agreed that disputes regarding class notice should not be resolved, and notice should not issue, until after resolution of the defendants' Rule 23(f) petitions. *See Drummond v. Progressive Specialty Ins. Co.*, No. 5:21-cv-04479, ECF No. 118 at 2-3 (E.D. Pa. Sept. 15, 2023); *Schroeder v. Progressive Paloverde Ins. Co.*, No. 1:22-cv-946-JMS-MKK, ECF No. 139 at 2 (S.D. Ind. March 19, 2024) ("Because the outcome of the Petition for Permission to Appeal may affect the propriety of the class notice, the Court finds that it is prudent to await resolution of the Seventh Circuit proceedings before ruling on Ms. Schroeder's Motion to Modify Class Definition and Approve Class Notice."). The *Drummond* and *Schroeder* defendants' Rule 23(f) petitions were granted by the Third Circuit Court of Appeals and Seventh Circuit Court of Appeals, respectively, and the district courts are continuing to hold class notice issues in abeyance until final resolution of the appeals. *Drummond*, ECF No. 136; *Schroeder*, ECF No. 150. This Court should take the same approach to class notice here and await clarity from the Eleventh Circuit Court of Appeals.

Plaintiffs propose that the opt-out deadline be set for forty-five (45) days after the date Notice is sent for members of the Class to opt-out. *See Greco v. Ginn Dev. Co., LLC*, 635 Fed. Appx. 628, 634 (11th Cir. 2015) (approving 45-day deadline following Notice within which to opt-out and noting that 30-60 days is the norm); *see e.g.*, *Brown*, No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) (approving 45-

day opt out period); *see e.g., Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May

1, 2023). Defendants also agree that the opt-out deadline should be set for forty-five

(45) days after the date Notice is sent.

## III.    CONCLUSION

For the foregoing reasons, the parties jointly request that the Court approve

the proposed notice plan.

Dated: June 14, 2024                    Respectfully Submitted,

*/s/ Andrew Shamis*
Andrew J. Shamis (admitted *pro hac vice*)
**SHAMIS & GENTILE, P.A.**
Edwin E. Elliott (admitted *pro hac vice*)
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Email: ashamis@shamisgentile.com
Email: edwine@shamisgentile.com

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (admitted *pro hac vice*)
Lee Lowther (admitted *pro hac vice*)
519 W. 7th Street
Little Rock, AR 72201
Tel: (501) 312-8500
Fax: (501) 312-8505
Email: hbates@cbplaw.com
Email: llowther@cbplaw.com

**BAILEY & GLASSER LLP**
David L. Selby II
Alabama Bar No. ASB-6994-Y62D
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Tel: (205) 988-9253

Fax: (205) 733-4896
Email: dselby@baileyglasser.com
Email: vpierre@baileyglasser.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg (admitted *pro hac vice*)
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: (786) 289-9471
Fax: (786) 623-0915
Email: scott@edelsberglaw.com

**NORMAND PLLC**
Edmund A. Normand(admitted *pro hac vice*)
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Tel: (407) 603-6031
Fax: 888-974-2175
Email: ed@normandpllc.com

**JACOBSON PHILLIPS, PLLC**
Joshua R. Jacobson (admitted *pro hac vice*)
Jacob L. Phillips (admitted *pro hac vice*)
478 E. Altamonte Dr., Ste. 108-570
Altamonte Springs, FL 32701
Tel: (407) 720-4057
Email: jacob@jacobsonphillips.com
Email: joshua@normandpllc.com

*Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

I, Andrew Shamis, hereby certify that on this date, June 14, 2024, I filed the foregoing with the Clerk of the Court via the Court's electronic filing system, which will provide electronic mail notice to all counsel of record.

*/s/ Andrew Shamis*
Andrew Shamis